UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOK et al, | CASE NO. C18-1089 MJP |
| Petitioners, | ORDER DENYING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT; |
| v. | |
| NIELSEN et al, | GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT |
| Respondents. | |

THIS MATTER comes before the Court on the Parties' Cross Motions for Summary Judgment. (Dkt. Nos. 19, 20.) Having reviewed the Motions, Petitioner's Reply (Dkt. No. 23), and all related papers, the Court DENIES Petitioners' Motion and GRANTS Respondents' Motion.

**Background**

On March 4, 2014, Petitioner Samnang Sok submitted a Form I-130 Petition ("I-130"), the first step in helping her adopted son in Cambodia immigrate to the United States. (Dkt. No. 19, Ex. 2 at 1.) Respondent, United States Citizenship and Immigration Services ("USCIS"),

denied Petitioner's I-130 on June 18, 2014, explaining that intercountry adoptions from Cambodia were suspended under the Hague Convention on the Protection of Children. (Dkt. No. 19, Ex. 2 at 4.) The Board of Immigration Appeals ("BIA") reversed and remanded the record to the USCIS on September 18, 2015, finding that because Petitioner is not a citizen, the Hague Convention suspension does not apply to her petition. (Dkt. No. 19, Ex. 2 at 4.)

On July 24, 2018—nearly three years after the BIA's decision and four years after Petitioner Sok filed her I-130—Petitioner Sok, along with her husband, Petitioner Sakhoeun Hing, filed a complaint with this Court, seeking a writ of mandamus ordering Respondents to adjudicate their Petition. (Dkt. No. 1.) Five months later, USCIS once again denied Petitioner Sok's I-130. (Dkt. No. 21, Declaration of Kristin B. Johnson ("Johnson Decl."), Ex. A at 1.) During this period, the average processing times for Form I-130 Petitions ranged between six and 10.5 months. (Dkt. No. 19, Ex. 2 at 6.)

Petitioner appealed the denial on March 11, 2019 but USCIS did not provide the Record of Proceedings to the BIA until October 10, 2019—nearly seven months after the appeal and three weeks after Petitioner filed the present Motion for Summary Judgment. (Siegl Decl., ¶¶ 6-7.)

On August 29, 2019, Petitioners filed an amended Complaint, seeking a writ of mandamus to compel USCIS to forward the record of proceedings to the BIA, as statutorily required. (Dkt. No. 18, ¶ 30.) Several months later, on October 31, 2019, Respondents filed a Motion to Supplement the Pleadings, submitting evidence that the BIA received a copy of Petitioner's appeal on October 10, 2019. (Dkt. No. 24; Dkt. No. 25, Exs. A, B.)

Although USCIS adjudicated the I-130 and forwarded the record, USCIS informed the BIA that Petitioners did not file a brief with their appeal, leading Petitioners to believe—

justifiably—that USCIS did not include their brief in the record. (Johnson Decl., Ex. B.) Petitioners also assert that they called Respondents to confirm the brief had been received at least eight times between April 24, 2019 and August 28, 2019, without receiving a response. (Dkt. No. 19, Ex. B, Declaration of Grant T. Manclark ("Manclark Decl.") at 2; Dkt. No. 23 at 3.) As a result, Petitioners argued that that the Respondents should be ordered to show evidence that their brief was included in the record and until they did so "it is not absolutely clear that the case is moot." (Dkt. No. 23 at 4.)

On December 18, 2019, the Court entered a Minute Order, ordering the Parties to submit evidence regarding the whereabouts of Petitioners' appeal brief. (Dkt. No. 26.) In response, Respondents submitted evidence that the BIA received Petitioners' brief with the record on October 10, 2019. (Dkt. Nos. 28, 29.)

The Parties have agreed that Petitioners' claims can be decided on cross motions for summary judgment. (Dkt. No. 16 at 2.)

## Discussion

**A. Motion to Supplement**

Respondents have filed a Motion to Supplement the Pleadings, seeking to add the BIA's acknowledgment that on October 10, 2019 the BIA received a copy of Petitioner's appeal. (Dkt. No. 24; Dkt. No. 525, Exs. A, B.) Rule 15(d) of the Federal Rules of Civil Procedure sets the relevant standard for the motion before the Court:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

1    Because Respondents seek to include information that occurred after Petitioner filed her
amended complaint, and because the information is highly relevant to the analysis that follows,
Respondents' Motion to Supplement is GRANTED.

**B. Writ of Mandamus**

Petitioners ask the Court to (1) find that Respondents have failed in their statutory duties and (2) issue a writ of mandamus compelling Respondents to "forward proper I-130 appeal materials to the Board of Immigration Appeals." (Dkt. No. 19 at 2.) The Court finds that Respondents have failed to meet their statutory duties but concludes that it lacks jurisdiction to grant Petitioners any relief.

First, Respondents have violated the Administrative Procedures Act (APA) requirement that agencies perform nondiscretionary functions within a reasonable time. 5 U.S.C. § 555(b). After the case was remanded to USCIS on September 18, 2015, the Agency took no action for three years, even though the average processing time during this period was between six and 10.5 months. (Siegl Decl., ¶ 5; Dkt. No. 19, Ex. 2 at 6). To describe the Agency's years of inaction as "reasonable" would stretch the word beyond recognition. Zheng v. Reno, 166 F.Supp.2d 875, 880 (S.D.N.Y. 2001). Further, Respondents violated the requirement under 8 C.F.R. § 1003.5(b) that the record of proceeding be "immediately forwarded," instead taking seven months to forward the record to the BIA after Petitioners appealed. (Dkt. No. 24; Dkt. No. 525, Exs. A, B.)

However, although Respondents have violated their statutory duties, the Court lacks jurisdiction to fashion a remedy because there is no longer any effectual relief that would fall within the limited circumstances required for a writ of mandamus, and because Petitioners'

claims are moot. Heckler v. Ringer, 466 U.S. 602, 616 (1984); Nome Eskimo Cmty. v. Babbitt, 67 F.3d 813, 816 (9th Cir. 1995).

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; Heckler, 466 U.S. at 616. In the Ninth Circuit, mandamus relief may only be granted if "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997). Here, where USCIS has adjudicated the petition and forwarded the record—including Petitioners' brief—there are no further nondiscretionary, ministerial, and plainly prescribed duties that Respondents owe Petitioners, as required for a writ of mandamus to issue. (Dkt. No. 24; Dkt. No. 25, Exs. A, B; Dkt. Nos. 28, 29.)

Further, because there is no form of relief the Court can provide, the petition for a writ of mandamus is moot. Kuzova v. U.S. Dep't of Homeland Sec., 686 F. App'x 506, 508 (9th Cir. 2017); see also Liu v. Mukasey, No. C08-180RSM, 2008 WL 1744626, at *2 (W.D. Wash. Apr. 11, 2008) (dismissing as moot mandamus action requesting adjudication of an I-130 petition because the petition had been adjudicated); Adebowale v. McAleenan, 781 F. App'x 510, 512-13 (7th Cir. 2019) (quoting Pakovich v. Verizon LTD Plan, 653 F.3d 488, 492 (7th Cir. 2011)("When 'an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief,' the case should be dismissed as moot."); Akinmulero v. Holder, 347 F. App'x 58, 60 (5th Cir. 2009) (accord); Nhung Thi Tran v. Holder, No. CIV.A. DKC 10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011) (accord). Therefore, the Court cannot grant Petitioners mandamus relief here, where USCIS has already adjudicated the petition and

forwarded the record, and there is no remaining "effectual relief" to grant. Adebowale, 781 F. App'x at 513.

**C. Attorney's Fees**

Petitioners seek attorney's fees and costs as the "prevailing party" under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 19 at 4.) A litigant must meet two criteria to qualify as a prevailing party. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001). First, the litigant must achieve a "material alteration of the legal relationship of the parties." Id. at 604-05. Second, that alteration must be "judicially sanctioned." Id. Unfortunately, because this action is moot, Petitioners cannot be awarded fees as the prevailing party. Nome, 67 F.3d at 816 (citing 28 U.S.C. § 2412(b)).

However, while Petitioners are not the prevailing party, the Respondents' position in this matter was in no way justified. Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005). After three years of waiting for Respondents' decision on remand from the BIA, Respondents finally adjudicated the petition only after Petitioners filed suit. (Johnson Decl., Ex. A at 1.) And although required to immediately forward the record to the BIA upon Petitioners' appeal, Respondents only provided the record after Petitioners filed the present Motion for Summary Judgment, seven months after Petitioners appealed. (Siegl Decl., ¶¶ 6-7.) Respondents then falsely claimed that Petitioners did not file a brief with their appeal, failed to respond to Petitioners eight inquiries regarding the missing brief, and did not correct the error in response to Petitioners' Reply Brief, instead waiting until the Court ordered the Parties to provide information on the missing brief to inform the Court that the brief was forwarded with the record more than two months ago. (Johnson Decl., Ex. B; Manclark Decl. at 2; Dkt. No. 23 at 3; Dkt. No. 23 at 3-4; Dkt. No. 29; Dkt. No. 26.)

Petitioners and the Court have expended significant time and resources because Respondents violated their statutory obligations and denied Petitioners and the Court the basic courtesy of providing timely and accurate information, doing so only when required by this litigation. Further, it is worth noting that Respondents' years of delay and refusals to communicate did not occur in a vacuum: this case is fundamentally about a mother seeking adjudication of her right to reunite with her minor child.

**Conclusion**

While the Court finds that Respondents have failed to fulfil their statutory duties to adjudicate the I-130 Petition and forward the record for appeal in a timely manner, and further notes the lack of courtesy Respondents have shown Petitioners and the Court, the Court concludes that Petitioners no longer meet the elements required for a writ of mandamus and their complaint is moot. Therefore, Petitioners' Motion for Summary Judgment is DENIED and Respondents' Motion for Summary Judgment is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 3, 2020.

Marsha J. Pechman
United States District Judge